# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 07199 | **DATE** | 3/15/2011 |
| **CASE TITLE** | Vanderkamp vs. CST Industries Inc., et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, plaintiffs motion to strike affirmative defenses 2, 3, 10, 11, 12, 13, and 17 is denied. Defenses 1, 4, 5, 6, 7, 8, 9, 14, 15, 16, and 18 are withdrawn.

*/s/ Philip G. Reinhard*

■ [ For further details see text below.]

Electronic Notices.

## STATEMENT - OPINION

Plaintiff, Leo Vanderkamp, moves to strike all eighteen affirmative defenses raised by defendants, CST Industries, Inc. and Engineered Storage Products Company. Defendants, in their response brief, agree to withdraw affirmative defenses numbered 1, 4, 5, 6, 7, 8, 9, 14, 15, 16, and 18.

The affirmative defenses remaining in dispute are 2) statute of limitations; 3) failure to exhaust administrative remedies; 10) defendant would have made the same employment decisions absent any alleged unlawful or impermissible considerations; 11) failure to mitigate damages; 12) set-off for amounts plaintiff could have earned if he had mitigated damages; 13) liquidated damages not available; and 17) preserving the right to raise after-acquired evidence of plaintiff's misconduct as a defense if any is discovered.

Plaintiff seeks to strike defense 10 because it merely denies allegations in the complaint and defenses 11, 12 and 13 because they restate denials in the complaint. He seeks to strike defense 17 because a party cannot reserve the right to assert another defense and he seeks to strike defenses 2 and 3 because they set out no facts supporting these defenses.

"Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12 (b). "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including [eighteen specified defenses]." Fed. R. Civ. P. 8 (c). While the rule lists eighteen specific defenses that must be pled as affirmative defenses, the list is not exhaustive. Any affirmative defense must be pled. This "creates the sometimes difficult problem of determining what unspecified matters are also 'affirmative defenses' that must be pleaded separately in an answer." <u>Bobbitt v. Victorian House, Inc.</u>, 532 F. Supp. 734, 736 (N.D. Ill. 1982) (Shadur, J.) "[T]he cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly fall into that category, even though that approach may lead to pleading matters as affirmative defenses that could have been set forth in simple denials." <u>Id.</u> "If a defendant makes the mistake of pleading matter as an affirmative defense that could have been raised by a denial, there is no reason to penalize him either by granting a motion to strike, which will not promote the disposition of the case on the merits, or by shifting the burden of proof from the plaintiff to the

| STATEMENT - OPINION |
|---|

defendant." 5 Wright and Miller, Federal Practice and Procedure Civil 3d § 1278 at 689. "[T]he defendant should be encouraged to plead a defense affirmatively if there is any doubt as to his ability to put the matter in issue under a denial." Id.

Motions to strike affirmative defenses are generally disfavored because they often serve only to delay. See Heller Fin. Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). "Indeed, motions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record." Van Schouwen v. Connaught Corp., 782 F. Supp. 1240, 1245 (N.D. Ill. 1991) (Duff, J.)

Here, nothing will be served by granting plaintiff's motion to strike. Deciding whether a defense should have been raised as a denial or duplicates a denial that has been raised will not advance resolution on the merits. The statute of limitations and failure to exhaust defenses need not be raised with any particularity. Their sufficiency is better tested "with the benefit of a fuller record." Id. There is some authority that a defendant waives the right to present a defense based on after-acquired evidence of plaintiff's wrongdoing if defendant does not raise it in the pleadings as an affirmative defense. Jones v. Bd. of Trustees of Community College Dist. No. 508, 75 F. Supp.2d 885, 887 (N.D. Ill. 1999) (Bucklo, J.) Defendant should not be penalized for being cautious. 5 Wright and Miller, Federal Practice and Procedure Civil 3d § 1278 at 689.

For the foregoing reasons, plaintiffs motion to strike affirmative defenses 2, 3, 10, 11, 12, 13, and 17 is denied. Defenses 1, 4, 5, 6, 7, 8, 9, 14, 15, 16, and 18 are withdrawn.